FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

2021 FEB -2 PM 1:01

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

| | |
|---|---|
| **SAMUEL B. HOWLETT,** individually and on behalf of all others similarly situated, <br><br> **Plaintiff** <br><br> v. <br><br> **FASWD, LLC, d/b/a FAS Windows and Door and ROD C. HENDERSON,** <br><br> **Defendants.** | **Case No.:** 8:21 cv 245 T 36 AAS <br><br> **JURY TRIAL DEMANDED** <br><br> **Assigned to:** |

## CLASS ACTION COMPLAINT

Plaintiff Samuel B. Howlett, by and through Plaintiffs' counsel, brings this action individually and on behalf of all others similarly situated against FASWD, LLC, doing business as FAS Windows and Doors ("Defendant FAS"), and Rod Henderson ("Defendant Henderson") and alleges the following:

## INTRODUCTION

1.      Defendant FAS is a Florida based company that advertises itself as "Central Florida's largest volume window and door dealer." It maintains offices in Tampa, Orlando, and Winter Park, Florida.

2.      At all times material to this Complaint, Defendant Henderson was a sales representative employed by Defendant FAS working out of the company's

1

TRO-63061
#402

Tampa office.

3.     At all times material to this Complaint, Defendant Henderson was operating within the course and scope of his employment with Defendant FAS.

4.     Plaintiff brings this class action against Defendants for violation of the Driver Privacy Protection Act, 18. U.S.C. §§ 2721-2725 ("DPPA").  The DPPA makes it unlawful for any person to knowingly disclose personal motor vehicle information of an individual.  An individual whose personal motor vehicle information has been disclosed may bring a civil action in the United States district court for violation of the DPPA against the disclosing party.

5.     At all times material to this Complaint, Defendants violated the DPPA by disclosing Plaintiff's and Class Members' drivers' license information on Notices of Commencement filed as public record in the counties where Class Members' and Plaintiff's properties were located.

6.     In accordance with 18 U.S.C. § 2724(b), this class action seeks actual damages, but not less than liquidated damages in the amount of $2,500 per class member, punitive damages for the willful or reckless disregard of the DPPA, attorneys' fees and costs, and any other preliminary and equitable relief as the court deems appropriate.

## PARTIES, JURISDICTION, AND VENUE

7.     Plaintiff is a resident of Hillsborough County, Florida.

8.      Defendant FAS is a Florida limited liability company with offices in Tampa, Orlando, and Winter Park, Florida.

9.      Defendant Henderson is a resident of Pasco County, Florida.

10.     This Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C.§ 1331 and 18 U.S.C. § 2724(a).

11.     Under 28 U.S.C. 1391, venue lies in the Middle District of Florida, Tampa Division, because:

    a. a substantial part of the events or omissions giving rise to the claim occurred in in Hillsborough County, Florida;

    b. Defendant Henderson resides in Pasco County, Florida, and Defendant FAS maintains an office within this District; and/or

    c. Defendants are subject to the court's personal jurisdiction with respect to the action.

## STATEMENT OF FACTS

12.     Defendant FAS sells windows and doors for properties located in Florida.

13.     When a customer contacts Defendant FAS, the company sends a sales representative to the customer's property to provide a quote and proposed form contract to the customer.

14.     At all times material to this action, Defendant Henderson was a replacement sales specialist for Defendant FAS.  As part of his duties, Defendant Henderson would visit the prospective customer's property, provide a quote, and

execute the proposed contract on behalf of Defendant FAS.

15.    Upon entering into a contract with its customers, Defendant FAS takes the necessary action to secure permitting for the work to be performed at the customer's property.  This includes filing Notices of Commencements in the county where each customer's property is located. Defendant FAS used a standard form Notice of Commencement for its customers that required its sales representatives to notarize the customer's signature.   The sales representative who signed the contract prepares the Notice of Commencement on behalf of their customer.

16.    Defendant Henderson routinely,   and as part of his duties as an employee of Defendant FAS, filled out Notices of Commencement for customers and notarized each customer's signatures for the Notices he prepared.  In notarizing the signatures, Defendant Henderson, as a matter of practice, included customers' driver's license information.

17.    Despite the DPPA prohibiting Defendants from publicly filing Notices of Commencement without first redacting customers' driver's license information, Henderson routinely filed the un-redacted documents.

18.    On June 9, 2020, Defendant Henderson visited Plaintiff at his residence in Hillsborough County, Florida, to provide a quote and proposed contract to replace eleven (11) windows.  Defendant Henderson and Plaintiff signed the contract on that date.  A redacted copy of the contract is attached as Exhibit "A."

4

19.    That same day, Defendant Henderson filled out a Notice of Commencement for the work to be done on Plaintiff's property. Plaintiff signed the document and Defendant Henderson signed as notary. Defendant Henderson wrote in Plaintiff's driver's license number, issuance date, and expiration date on the notary block.

20.    Defendants publicly filed the un-redacted Notice of Commencement in Hillsborough County, Florida, on June 25, 2020. A copy of the Notice of Commencement is attached as Exhibit "B." Plaintiff has redacted his driver's license information from the Exhibit.

21.    Plaintiff contacted Defendants after learning his driver's license information had been publicly filed on the Notice of Commencement and requested Defendants withdraw the Notice. Defendants refused to withdraw the Notice of Commencement and Plaintiff's driver's license information remained public record.

22.    Plaintiff was not the only customer whose driver's license information was publicly disclosed on Notices of Commencement filed by Defendants. Plaintiff is aware that Defendants publicly filed Notices of Commencement that included driver's license information for at least thirty-two additional customers. Defendant Henderson was the notary on each of these Notices of Commencement. Each filing is a violation of the DPPA and entitles Plaintiff and Class Members to statutory relief.

## CLASS ACTION ALLEGATIONS

23.    Plaintiff brings these claims individually and on behalf of all other similarly situated persons pursuant to Rule 23(a)(b)(2), (b)(3), and (c)(4) of the Federal Rules of Civil Procedure.

24.    The Class is defined as follows:

> All persons and entities in the United States whose driver's license information was disclosed by Defendant FAS or its employees, including Defendant Henderson, on Notices of Commencement for the four years preceding the filing of this action.

25.    Excluded from the Class are: (1) Defendants, Defendant FAS's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant FAS or Defendant FAS's respective parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) Any governmental entities and any instrumentalities, subdivisions, and agencies thereof; (4) any person who executes and files a timely request for exclusion from the Class; (5) any person who has had their claims in this matter finally adjudicated and/or otherwise released; (6) the legal representatives, successors and assigns of any such excluded person; (7) Counsel of record.

26.    Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

27.     **Numerosity.  Fed. R. Civ. P. 23(a)(1).** While Plaintiff does not know the exact number of Class Members, Plaintiff knows there are at least thirty-three Class Members. Undoubtedly, individual joinder in this case is impracticable. Thirty-three Class Members is sufficient to satisfy numerosity under Fed. R. Civ. P. 23(a)(1).  Class Members can be easily identified through Defendant FAS's records database.

28.     **Commonality and Predominance.  Fed. R. Civ. P. 23(a)(2) and (b)(3).** There are several questions of law and fact common to the claims of Plaintiff and Class Members. All of the Class Members' claims are based upon the same facts and circumstances. Fed. R. Civ. P. 23(a)(3). The questions of law and fact common to the Class Members predominate over any questions affecting only individual Class Members.  The resolution of common questions in this case will resolve the claims of both Plaintiff and the Class.  Common questions include, but are not limited to, the following:

a.      Whether Defendants disclosed personal motor vehicle information of Class Members;

b.      Whether Defendants publicly filed Notices of Commencement disclosing Class Members driver's license information in violation of the DPPA;

c.      Whether Defendant FAS or its employees, including Defendant Henderson, acted with willful or reckless disregard in publicly disclosing Class Members driver's license information; and

7

d.  Whether Defendants have taken any action to correct the unlawful disclosure of Class Members driver's license information even after being notified of their violation of the law by Plaintiff;

e.  Whether Class Members are entitled to preliminary and equitable relief as a result of Defendants' actions; and

f.  Whether Defendants' actions violated the DPPA.

29. **Typicality. Fed. R. Civ. P. 23(a)(3).** The claims of Plaintiff is typical of the claims of the Class. The claims of the Plaintiff and the Class are based on the same legal theories and arise from the same unlawful and willful conduct, resulting in the same injury to the Plaintiff and the Class. Plaintiff and all Class Members are similarly affected by Defendants' wrongful conduct and were damaged in the same way.

30. **Adequacy.  Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the Class because Plaintiff's claims arise out of the same common course of conduct giving rise to the claims of the other members of the Class. Plaintiff falls within the class definition and Plaintiff's interests do not conflict with the interests of Class Members that Plaintiff seeks to represent. Plaintiff is passionate about this litigation personally and will prosecute this action vigorously for the benefit of Class Members. Plaintiff is represented by counsel who are competent and experienced in the prosecution of class action litigation and Plaintiff's counsel intends to prosecute this action vigorously for the benefit of Class Members. Plaintiff and class counsel can fairly and adequately protect the interests

of all Class Members. Neither Plaintiff nor their counsel have any interest adverse to those of the other Class Members.

31. **Superiority. Fed. R. Civ. P. 23(b)(3)**: Class action treatment is a superior method for the fair and efficient adjudication of the controversy, in that, among other things, such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that numerous individual actions would engender. The benefits of proceeding through the class mechanism, including providing injured persons or entities with a method for obtaining redress for claims that it might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in management of this class action.

32. The litigation without the class would allow litigation claims that, in view of the expense of the litigation, may be insufficient in amount to support separate actions. Individual litigation of each Class Member's claims would be impracticable and individual litigation would be unduly burdensome to the courts. Without the class action vehicle, the Class would have no reasonable remedy. Absent a class action, most of the respective Class Members would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual

actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

33. **Injunctive and Declaratory Relief is Appropriate. Fed. R. Civ. P. 23(b)(1).** The prosecution of separate actions by individual members of the class would create a risk of:

    a.    Inconsistent or varying adjudications with respect to individual members of the respective class which would establish incompatible standards of conduct for the Defendants; and

    b.    Adjudications with respect to individual members of the respective classes which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

34. **Policies Generally Applicable to the Classes. Fed. R. Civ. P. 23(b)(2).** Defendants have acted or refused to act on grounds generally applicable to the classes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members, and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class Members uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

35. **Certification of Particular Issues. Fed. R. Civ. P. 23(c)(4).** Issuing certification is also appropriate because the following particular issues (among others) exist that may be brought or maintained as a class action:

a.   Whether Defendants disclosed personal motor vehicle information of Class Members;

b.   Whether Defendants publicly filed Notices of Commencement disclosing Class Members driver's license information in violation of the DPPA;

c.   Whether Defendant FAS or its employees, including Defendant Henderson, acted with willful or reckless disregard in publicly disclosing Class Members driver's license information; and

d.   Whether Defendants have taken any action to correct the unlawful disclosure of Class Members driver's license information even after being notified of their violation of the law by Plaintiff;

e.   Whether Class Members are entitled to preliminary and equitable relief as a result of Defendants actions; and

f.   Whether Defendants' actions violated the DPPA.

### COUNT I
### VIOLATION OF THE DPPA (18 U.S.C. §§2721-2725)
### BY ROD C. HENDERSON
### (On Behalf of Plaintiff and the Class)

36.   Plaintiff realleges and reincorporates herein by this reference all of the allegations set forth in paragraphs 1 through 35 as though set forth in full herein.

37.   Plaintiff and the Class entered into separate contracts with Defendant FAS to purchase windows and/or doors for their properties.

38.   After signing the contracts, Defendant Henderson prepared Notices of Commencement for Plaintiff's and Class Members' construction projects. The

11

Notices of Commencement included Plaintiff's and Class Members' driver's license information.

39.    Defendant Henderson subsequently filed the Notices of Commencement with its customers driver's license information in the respective counties where the properties owned by Plaintiff and Class Members were located.

40.    Defendant Henderson unlawfully disclosed the driver's license information of Plaintiff and Class Members in violation of the DPPA.

41.    Despite Plaintiff notifying Defendant Henderson that he had unlawfully disclosed drivers' license information in the Notices of Commencement, Defendant Henderson refused to redact the Notices with willful or reckless disregard for the law.

42.    Accordingly, Plaintiff and Class Members are entitled to remedies as prescribed in 18 U.S.C. § 2724.

**COUNT II**
**VIOLATION OF THE DPPA (18 U.S.C. §§2721-2725)**
**BY FASWD, LLC**
**(On Behalf of Plaintiff and the Class)**

43.    Plaintiff realleges and reincorporates herein by this reference all of the allegations set forth in paragraphs 1 through 42 as though set forth in full herein.

44.    At all times material to this Complaint, Defendant Henderson was operating within the course and scope of his employment with Defendant FAS. As such, Defendant FAS is vicariously liable for the actions of Defendant Henderson.

45.    Additionally, Defendant FAS was, at a minimum, notified by Plaintiff of the unlawful filing of customers' driver's license information, but refused to take correct action to remove the information from public record.

46.    Accordingly, Plaintiff and Class Members are entitled to remedies as prescribed in 18 U.S.C. § 2724.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, demands a jury trial on all claims so triable and judgment as follows:

A.    finding Defendants violated the DPPA by publicly Plaintiff's and Class Members' driver's license information on Notices of Commencement;

B.    awarding actual damages, but not less than liquidated damages in the amount of $2,500 per class member;

C.    awarding attorneys' fees and costs reasonable incurred to pursue this Action;

D.    awarding punitive damages for the willful and reckless conduct of Defendants; and

E.    awarding such other preliminary and equitable relief as determined appropriate.

## <u>JURY TRIAL DEMANDED</u>

Plaintiff hereby demand a jury trial on all issues so triable.

Dated: <u>February 2, 2021</u>            By: <u>/s/ *Jason K. Whittemore*</u>
WAGNER MCLAUGHLIN, P.A.
Jason K. Whittemore
Florida Bar #: 0037256
Kevin McLaughlin
Florida Bar #: 0085928
601 Bayshore Blvd., Suite 910
Tampa, Florida 33606
Telephone: (813) 225-4000
Email:        Jason@WagnerLaw.com
                 Kevin@wagnerlaw.com
Secondary email: arelys@wagnerlaw.com

**ATTORNEYS FOR PLAINTIFF AND
THE PROPOSED CLASS**